# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.

Maximino Martinez-Gutierrez,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 09-49 (11) ADM/FLN

_____

LeeAnn K. Bell, Esq., United States Attorney's Office, for Plaintiff.

Maximino Martinez-Gutierrez, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Maximino Martinez-Gutierrez's ("Martinez-Gutierrez") Motion to Reconsider Sentence [Docket No. 292] ("Motion"). For the reasons below, Martinez-Gutierrez's Motion is denied.

## II. BACKGROUND

On March 18, 2009, Martinez-Gutierrez was charged with ten co-defendants in a multi-count Superceding Indictment [Docket No. 57] with the crimes of: (1) conspiracy to distribute methamphetamine and cocaine; (2) possession with intent to distribute methamphetamine; and (3) possession with intent to distribute cocaine. On July 20, 2009, Martinez-Gutierrez pled guilty to one count of conspiring to distribute cocaine and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846 [Docket No. 101]. On December 22, 2009, the Court sentenced Martinez-Gutierrez to 130 months of incarceration

[Docket No. 153]. This sentence included the application of a two-level enhancement pursuant to U.S.S.G. § 2D 1.1(b)(1) for possession of a firearm. See Evidentiary Hr'g & Sentencing Tr. [Docket No. 240].

In December 2009, Martinez-Gutierrez filed an appeal contesting the enhancement to his sentence. The Eighth Circuit dismissed the appeal on the grounds that Martinez-Gutierrez's plea agreement contained an appeal waiver, and the court "found no nonfrivolous issues that [were] not covered by the appeal waiver." United States v. Martinez-Gutierrez, 393 F. App'x 415, 416 (8th Cir. 2010).

On March 21, 2013, Martinez-Gutierrez filed this Motion. Martinez-Gutierrez seeks a reduction in sentence due to the Fast Track program; he also seeks access to the programs offered through the Second Chance Act of 2007 (the "Second Chance Act"). Martinez-Gutierrez states that he is subject to an Immigration and Naturalization Services deportation detainer, and will be deported to Mexico at the conclusion of his sentence.

## III. DISCUSSION

### A. Authority to Grant Motion

The Court construes Martinez-Gutierrez's pleading liberally, as he is proceeding pro se. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Even when liberally construed, the Court holds that it does not have the authority to modify Martinez-Gutierrez's sentence. Martinez-Gutierrez argues the Court retains jurisdiction to hear his Motion under 18 U.S.C. § 3582(c)(2) and § 3553(a)(6). However, § 3582(c)(2) only allows a court to modify a sentence if the defendant was sentenced according to a sentencing range that was later reduced by the Sentencing Commission pursuant to § 994(o). That scenario is not consistent with the facts of Martinez-

Gutierrez's case. Further, § 3582(c)(1) allows the court to modify a sentence only upon a motion of the Director of the Bureau of Prisons (BOP), which is again not the case here. Section 3553 pertains to the initial imposition of a sentence, and does not empower a court to later reduce a sentence.

Similarly, the Court does not have the power to grant Martinez-Gutierrez's Motion even when considering the broader range of relevant rules and laws. As discussed below, Martinez-Gutierrez has not stated a violation of his Constitutional rights or of federal law, and as such has not invoked 28 U.S.C. §§ 2241 or 2255. The Government has not made a motion under Rule 35 of the Federal Rules of Criminal Procedure for a reduction, and Martinez-Gutierrez has not cited, nor has the Court identified, any clerical error warranting a sentence reduction under Rule 36. As a result, the Court must deny the present Motion. Even when the merits of Martinez-Gutierrez's Motion are considered, the Court must still deny his request.

**B. Fast Track Programs**

With regard to the Fast Track program, Martinez-Gutierrez appears to premise his argument on two main points: first, he argues he is eligible for a reduction in sentence because a disparity exists between his sentence and the sentences of other defendants who received the benefit of the Fast Track program in other districts. Second, he argues he should receive a reduction in sentence in light of the District of Minnesota's recent implementation of its own Fast Track program.

**1. Sentence Disparity**

Fast Track programs were initially implemented in states bordering Mexico, to alleviate the congestion in courts inundated with immigration cases. In 2003, Congress formally

approved the implementation of such programs through the PROTECT Act.  Under a Fast Track program, certain offenders are eligible for lighter sentences, provided they meet certain requirements.  Among other qualifications, defendants "must waive certain pre-trial and post-trial rights," including the right to challenge their conviction under § 2255.  See United States v. Rascon-Olivas, No. 10-CR-0230(21), 2012 WL 695838 (D. Minn. Feb. 28, 2012); see also United States v. Alvarez-Quiroz, No. 06-310(3), 2012 WL 2003501 (D. Minn. June 5, 2012) (providing brief summary of Fast Track programs and their effect on sentencing); Mem. from James M. Cole, Deputy Attorney General, to all U.S. Attorneys (Jan. 31, 2012), available at http://www.justice.gov/dag/fast-track-program.pdf ("Cole Memorandum").

     As a result of the implementation of Fast Track programs, certain offenders receive disparate sentences, depending on whether or not a Fast Track program is available in their state.  The Eighth Circuit Court of Appeals, along with other courts, have held that sentencing disparities between states due to the Fast Track Program may warrant discretionary variances from the sentencing guidelines.  See United States v. Longarica, 699 F.3d 1010, 1012 (8th Cir. 2012); United States v. Rodriguez, 527 F.3d 221 (1st Cir. 2008); United States v. Lopez-Macias, 661 F.3d 485 (10th Cir. 2011).  However, while consideration of Fast Track sentencing disparities "should not be categorically excluded as a sentencing consideration," courts are not required to administer lower sentences in such cases.  United States v. Jimenez-Perez, 659 F.3d 704, 710-11 (8th Cir. 2011).  This is particularly true when the defendant does not pursue the issue at sentencing by moving for a downward variance on Fast Track disparity grounds.  See id.; see also Longarica, 699 F.3d at 1012.

The Court rejects Martinez-Gutierrez's Fast Track disparity argument. The decisions cited above pertain to the district court's discretion at the time of sentencing. In this case, neither Martinez-Gutierrez nor the Government requested a downward variance due to Fast Track disparities at the time of sentencing in 2009. The Court is not aware of any authority empowering it to retroactively reduce a sentence after it has been administered due to Fast Track sentencing disparities. Of equal importance, the Fast Track sentencing disparities considered by the decisions above involve the offense of illegal re-entry into the United States. In this case, Martinez-Gutierrez's sentence is the result of a drug conspiracy charge, and neither Martinez-Gutierrez nor the Court have identified a district in which a Fast Track program might create a disparity for this charge. As a result, no applicable Fast Track program exists that might result in disparity when compared to Martinez-Gutierrez's sentence.

**2. District of Minnesota's Fast Track Program**

In his Motion, Martinez-Gutierrez also mentions "the new Fast Track program." In part to address the problem of sentencing disparity between Fast Track districts and non-Fast Track districts, the Attorney General's office extended Fast Track programs to all Federal Judicial Districts, including this District, beginning on March 1, 2012. Cole Mem. 2; Rascon-Olivas, 2012 WL 695838, at *1 n.1. The District of Minnesota's new Fast Track program, however, does not apply retroactively, and the Court sentenced Martinez-Gutierrez in December 2009. Rascon-Olivas, 2012 WL 695838, at *1, n.1. As a result, the District of Minnesota's Fast Track program does not apply to Martinez-Gutierrez. In addition, although the Cole Memorandum authorized the expansion of the Fast Track program to offenses other than illegal re-entry, it

5

appears the District of Minnesota has not expanded the program to apply to any other offenses, including any drug offenses. See id.

**C. The Second Chance Act of 2007**

The Second Chance Act of 2007 requires the BOP, in part, to place prisoners "under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). These conditions may include housing in a "community correctional facility," such as a Residential Reentry Center (RRC), for up to one year. Id. RRCs are sometimes referred to as "halfway houses" or "transitional housing."

Martinez-Gutierrez argues that because he will be deported to Mexico upon completion of his prison term, he is deprived of the benefit of being placed in pre-release custody at an RRC for "up to one year early release pursuant to the 'Second Chance Act.'" Mot. 3. Construing his pleading liberally, it appears Martinez-Gutierrez views pre-release custody in an RRC as a form of early release; he thus is not actually challenging the propriety of his conviction or sentence, but rather the terms of his confinement. As such, Martinez-Gutierrez's claim is more properly viewed as one stated under § 2241. Even assuming Martinez-Gutierrez had properly filed a petition and exhausted any administrative remedies, the claim must be denied.

Martinez-Gutierrez is not entitled to early release or any amount of time served at an RRC under the Second Chance Act. The amount of time spent in an RRC, if any, is a determination squarely within the discretion of the BOP. Stanko v. Rios, No. 08-4991, 2009 WL 1303969 (D. Minn. May 8, 2009), aff'd, 366 F. App'x 725 (8th Cir. 2010). It is not clear whether the BOP has yet made a determination as to what form of transitional programming, if

any, the BOP will confer Martinez-Gutierrez. Regardless of his alien status, the BOP is not required to place Martinez-Gutierrez in an RRC. See Tovey v. Cruz, No. 09-508, 2010 WL 391336, at *11 (D. Minn. Jan. 25, 2010) (collecting cases).

If Martinez-Gutierrez's Second Chance Act argument is viewed as a Constitutional challenge, it nevertheless must be denied. Neither due process under the Fifth Amendment nor the Equal Protection Clause under the Fourteenth recognize a protectable interest in pre-release custody programs offered under the Second Chance Act, including for prisoners subject to deportation. See McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999) (denying both 5th Amendment and 14th Amendment challenges to denial of participation due to alien status); United States v. Tamayo, 162 F. App'x 813, 815 (10th Cir. 2006) (". . . [D]enying deportable aliens the opportunity to participate in certain pre-release programs does not violate equal protection.").

In a related argument, Martinez-Gutierrez also briefly mentions his loss of ability to participate in the Residential Drug Assistance Program (RDAP) due to his eventual deportation. As with the Second Chance Act, the BOP has broad discretion to administer RDAP and any subsequent early release. See Bellis v. Davis, 186 F.3d 1092, 1094-95 (8th Cir. 1999). The BOP's decision to deny inmates subject to deportation an early release under RDAP does not exceed the BOP's discretion. See Hernandez v. Lindeman, No. 00-1165, 2002 WL 31163074, at *3 (D. Minn. Sept. 24, 2002).

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Maximino Martinez-Gutierrez's Motion to Reduce Sentence [Docket No. 292] is **DENIED.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 9, 2013.