**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

                             **MEMORANDUM OPINION AND**
                             **ORDER**
     v.                           Criminal No. 09-49 (11) ADM/FLN
                             Civil No. 16-2180 ADM

Maximino Martinez-Gutierrez,

        Defendant.

---

Robert M. Lewis, Esq., United States Attorney's Office, St. Paul, MN, on behalf of Plaintiff.

Maximino Martinez-Gutierrez, pro se.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Defendant Maximino Martinez-Gutierrez's ("Martinez-Gutierrez") Motion Under 28 U.S.C. §

2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 354][1] (the "Motion").  For the

reasons set forth below, Martinez-Gutierrez's Motion is denied.

## II.  BACKGROUND

On March 18, 2009, Martinez-Gutierrez was charged with ten co-defendants in a

multi-count Superseding Indictment [Docket No. 57] with crimes of:  (1) conspiracy to distribute

methamphetamine and cocaine; (2) possession with intent to distribute methamphetamine; and

(3) possession with intent to distribute cocaine.  On July 20, 2009, Martinez-Gutierrez pled

guilty to one count of conspiring to distribute cocaine and methamphetamine in violation of 21

U.S.C. §§ 841(a)(1), 841(b)(1), and 846 [Docket No. 101].  On December 22, 2009, the Court

---

[1] All docket citations are to the Criminal Docket.

sentenced Martinez-Gutierrez to 130 months of incarceration [Docket No. 153].  The sentence

included a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a

firearm.  See Evidentiary Hr'g & Sentencing Tr. [Docket No. 240] at 49.

On March 14, 2016, Martinez-Gutierrez's sentence was lowered to 120 months, which is

the statutory minimum for violating 21 U.S.C. § 841(b)(1)(A).  See Order, March 14, 2016

[Docket No. 343].  The reduction was based on a change in the applicable guideline sentencing

range that was made retroactive by the United States Sentencing Commission pursuant to 28

U.S.C. § 994(u).  Id.

Martinez-Gutierrez now moves under § 2255 for a sentence reduction "pursuant to 18

U.S.C. § 924(e)(2)(B)(ii)."  Motion at 8.  Plaintiff United States of America has filed a response

[Docket No. 357] in opposition, arguing the Motion is untimely.

### III.  DISCUSSION

A one-year statute of limitations applies to § 2255 motions.  18 U.S.C. § 2255(f).  The

limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2255(f).  Since Martinez-Gutierrez's conviction became final on December 22, 2009,

the Motion is untimely under § 2255(f)(1).  Martinez-Gutierrez counters by arguing that his

Motion is timely under § 2255(f)(3) based on the newly recognized rule of law by the Supreme

Court in Johnson v. United States, 135 S.Ct. 2551 (2105).  See Motion ¶ 18.[2]

In Johnson, the Supreme Court held that 18 U.S.C. § 924(e)(2)(B)(ii), known as the

"residual clause" of the Armed Career Criminal Act ("ACCA"), is unconstitutionally vague and

that increasing a defendant's sentence based on the residual clause violates the right to due

process.  Johnson, 135 S.Ct. at 2555–63.  The Supreme Court has since made the new rule of law

in Johnson retroactively applicable to cases under collateral review.  See Welch v. United States,

136 S.Ct. 1257 (2016).

The rule in Johnson does not apply to Martinez-Gutierrez because he was not convicted

or sentenced under 18 U.S.C. § 924(e)(2)(B)(ii).  Rather, he pled guilty to drug felony offenses

under 21 U.S.C. § 841(a)(1) and (b)(1)(A), and his sentence was enhanced under U.S.S.G. §

2D1.1(b)(1) for possession of a firearm.  None of the provisions under which Martinez-Gutierrez

was convicted and sentenced include language that is similar or identical to the residual clause of

the ACCA.  Moreover, courts in this and other districts consistently hold that Johnson has no

effect on a firearm enhancement under U.S.S.G. § 2D1.1(b)(1).  See United States v. Munoz, No.

16–2444, 2016 WL 4059225, at *3 (D. Minn. July 29, 2016); United States v. Romero, No.

05–20017–2, 2016 WL 4128418, at *1  (D. Kan. Aug. 3, 2016); United States v. Beckham, No.

10–1212, 2016 WL 3941021, at *2 (D.S.C. July 21, 2016); Galvan v. United States, No.

---

[2] Martinez-Gutierrez does not claim that § 2255(f)(2) or (f)(4) apply to the Motion, and the Court agrees that these provisions are not implicated here.

16–1493, 2016 WL 3855881, at *2 (N.D. Tex. July 5, 2016); Heard v. United States, No.

16–1475, 2016 WL 3219718, at *2 (M.D. Fla. June 10, 2016).

Therefore, because Martinez-Gutierrez's Motion falls outside of the one-year statute of

limitations under § 2255(f), the Motion is untimely.

## IV.  CERTIFICATE OF APPEALABILITY

The Court will not issue a certificate of appealability.  A court may grant a certificate of

appealability only where the defendant has made a substantial showing of the denial of a

constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir.

1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong."

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court

would decide the issues raised in this Motion differently, or that any of the issues raised in the

Motion would be debatable among reasonable jurists.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant Maximino Martinez-Gutierrez's Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 354] is **DENIED**.  A certificate of

appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 15, 2016.